**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20342
Summary Calendar

NAPOLEON MALIMBAN,

Plaintiff-Appellant,

VERSUS

CONTINENTAL AIRLINES INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
H-96-CV-1492

December 2, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Napoleon Malimban filed suit against his former employer, Continental Airlines, alleging

discrimination on the basis of age and national origin. The district court granted Continental's motion

for summary judgment. Malimban now appeals. We affirm.

Malimban is of Filipino descent, and was sixty years old at the time he was laid off. He alleges

that he was terminated because of his age and national origin. Continental responds that Malimban

was terminated as part of a workforce reduction mandated by bankruptcy reorganization. This court

reviews the district court's granting of summary judgment *de novo*, using the same standards applied

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the district court.[2] Summary judgment is appropriate if "there is no genuine issue of material fact and... the moving party is entitled to judgment as a matter of law."[3]

The district court determined that Malimban has made the prima facie showing of discrimination required by law.[4] The district court also determined that Continental has articulated a legitimate non-discriminatory reason for its actions: bankruptcy reorganization. Upon such a showing, the burden of proof shifts to the nonmoving party to establish that the employer's justification is a mere pretext.[5] Malimban contends that he has met this burden, and that the district court erred in holding otherwise. We disagree.

Malimban did present evidence that Continental's justification was pretextual. This evidence consisted of affidavits from Malimban himself, as well as from two other former Continental employees. We agree with the district court that "an employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief."[6] Likewise, the subjective beliefs of Malimban's former co-workers is insufficient to defeat a motion for summary judgment.[7]

Malimban has produced no evidence of discrimination other than his own subjective beliefs,

---

[2] Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 956 (5th Cir. 1993).

[3] Fed. R. Civ. P. 56 (c).

[4] Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248 (1981).

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

[6] Record, gray tab 15, p.15. See also Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144, 152 (5th Cir. 1995).

[7] Little v. Republic Refining Co., Ltd., 924 F.2d 93, 96 (5th Cir. 1991).

and the subjective beliefs of his former co-workers. This evidence is not sufficient to show that Continental used bankruptcy reorganization as a pretext to fire Malimban because of his age and national origin. On that basis, the decision of the district court is AFFIRMED.